UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD MACCORD,<br><br>　　　　　　Petitioner,<br><br>　　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Respondent. | Case No. 2:22-cv-05853-MWF-JC<br><br>ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE TRANSFERRED |

## I.　PROCEEDINGS

On August 17, 2022, petitioner Donald MacCord, a former inmate of the Federal Bureau of Prisons ("BOP") who is on supervised release and is proceeding *pro se*, filed a document entitled "Habeas Corpus Motion by Person Under Federal Supervision Pursuant to 28 U.S.C. § 2241" ("Petition"). (Docket No. 1). Petitioner asserts that the BOP and United States Department of Probation have deprived him of "earned time credits" under the First Step Act of 2018, earned while petitioner was in custody at the Federal Prison Camp in Montgomery, Alabama ("FPC Montgomery"), which petitioner alleges should shorten his period of supervised release by at least two years. (Petition at 1).

///

On October 14, 2022, respondent filed a motion to dismiss the Petition ("Motion"), accompanied by a declaration from BOP Paralegal Specialist Yolanda Sanchez ("Decl."), and exhibits ("Decl. Ex."). (Docket No. 8). Respondent argues that: (1) credits earned under the First Step Act cannot be directly applied toward service of a term of supervised release, but rather may apply for early placement on supervised release for up to one year under 18 U.S.C. § 3624(g)(2)-(3); (2) the Court does not have jurisdiction to consider any claim for application of earned time credits because (a) such a claim became moot when petitioner's term of imprisonment expired – any relief petitioner might obtain would not shorten his term of supervised release; and (b) only petitioner's sentencing court has authority to modify the terms of petitioner's supervised release. See Motion at 3-10.

On November 18, 2022, petitioner filed a response to the Motion, asserting that respondent's interpretation of the First Step Act is wrong because credits do apply to supervised release. See Docket No. 10 (citing Dyer v. Fulgam, 2022 WL 1598249, at *3 (E.D. Tenn. May 20, 2022) (reportedly interpreting the First Step Act as petitioner does). On November 30, 2022, respondent filed a reply in support of the Motion, arguing that petitioner should have filed the Petition in the court with custody over petitioner's supervised release (not this Court). (Docket No. 11).

The Court notes from a search of available dockets that petitioner submitted an identical petition for filing with this Court which was received on July 6, 2022, then mailed to the United States District Court for the Southern District of California ("Southern District of California") and received on July 11, 2022, and ultimately filed in the United States District Court for the Northern District of California ("Northern District of California") in United States v. MacCord, N.D. Cal. Case No. 5:22-cv-04186-SVK, on July 19, 2022. On July 22, 2022, the Northern District of California transferred the case to the Southern District of California – the "district of confinement" where petitioner reportedly is on

supervised release. See MacCord v. United States, S.D. Cal. Case No. 3:22-cv-01087-JLS(NLS), Docket Nos. 3 (petition), 5 (transfer order). On July 26, 2022, the Southern District of California dismissed the case without prejudice for failure to file the $5.00 filing fee or to move to proceed in forma pauperis. Id., Docket No. 8 (order dismissing case).[1] As detailed above, rather than refiling in the Southern District of California, petitioner filed the Petition with this Court on August 17, 2022, and paid the $5.00 filing fee.

## II. PERTINENT BACKGROUND

On April 2, 2019, the Northern District of California sentenced petitioner to thirty months in prison and three years of supervised release for conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349. (Petition at 1-2; Decl. ¶ 4(a); Decl. Ex. A at 2). Petitioner was housed at FPC Montgomery from July 1, 2019 to January 21, 2021. (Decl. ¶ 5(a); Decl. Ex. B). Petitioner was furloughed to another location from January 21, 2021 through February 18, 2021. (Decl. ¶ 5(b); Decl. Ex. B). Petitioner transferred to a Residential Re-entry Center from February 18, 2021 and June 8, 2021. (Decl. ¶ 5(c); Decl. Ex. B). Petitioner was placed on home confinement from June 8, 2021 through September 3, 2021, when his term of imprisonment expired, accounting for good time credits. (Decl. ¶¶ 4(b), 5(d)-(e); Decl. Ex. B). Petitioner since has been on supervised release reportedly under the supervision of the "Probation Office in the Southern District of California, Central Division" (*i.e.*, in the Southern District of California). (Petition at 2).[2] Petitioner's address is in Proctor, Montana. (Petition at 9).

---

[1] The Court takes judicial notice of the court dockets and opinions in the referenced proceedings. See Fed. R. Evid. 201; Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of court records).

[2] Petitioner asserts that venue is proper where he is "incarcerated" because he is challenging the manner in which his sentence is being carried out. Confusedly, petitioner suggests that such venue is in this District because his supervised release is through the "Southern District of California, Central Division" – which is not in this District. (Petition at 2).

## III.  DISCUSSION

A federal inmate's petition to challenge the legality of his conviction and sentence must generally be filed under 28 U.S.C. § 2255 in the district in which he was convicted and sentenced, whereas a petition to challenge the manner, location, or conditions of the execution of the sentence must be brought under 28 U.S.C. § 2241 in the custodial district.  See Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000) (per curiam).  A federal prisoner may file a habeas corpus petition pursuant to Section 2241 to contest the legality of his conviction or sentence only where his remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention."  Id.  The "inadequate or ineffective" exception is narrow.  Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003).  Section 2255's remedy is not "inadequate or ineffective" merely because of Section 2255's gatekeeping provisions.  Id.

Here, it appears that venue is not proper in this District under either scenario above since petitioner was convicted in the Northern District of California, and his custodial district is the Southern District of California.  As petitioner appears to challenge the execution of his sentence, any Section 2241 petition should have been filed in the Southern District of California.  Cf. Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989) (proper forum for federal inmate to challenge execution of sentence is district in which prisoner confined) (citation omitted).

Pursuant to 28 U.S.C. § 1406(a), the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

///
///
///
///

## IV. CONCLUSION AND ORDER

For the foregoing reasons, within twenty (20) days of the date of this Order, petitioner is ORDERED TO SHOW CAUSE, in writing, why this action should not be transferred to the Southern District of California pursuant to 28 U.S.C. § 1406(a). By the same deadline, Respondent shall make a submission notifying the Court of its position as to whether this Court has venue over the case/whether the case should be transferred to the Southern District of California or another federal district.

Instead of filing a response to the instant Order to Show Cause, petitioner, by the foregoing deadline, may request that the Court transfer these proceedings to the Southern District of California, or file a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a).

**Petitioner is cautioned that his failure timely to respond to this Order to Show Cause and/or to show good cause may result in the transfer or dismissal of this action for lack of venue and that his failure timely to respond to this Order may also result in the dismissal of this action for failure to comply with the Court's order, and/or failure to prosecute.**

IT IS SO ORDERED.[3]

DATED: February 13, 2023        _____/s/_____

Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

Attachment

---

[3] The Magistrate Judge's instant Order to Show Cause constitutes a non-dispositive ruling on a pretrial matter. To the extent a party disagrees with such non-dispositive ruling, such party may file a motion for review by the assigned District Judge within fourteen (14) days. See Local Rule 72-2.1. To the extent a party believes the Order to Show Cause to be dispositive, rather than non-dispositive, such party has the right to object to this Court's determination that it is non-dispositive within fourteen (14) days. A party will be foreclosed from challenging the Order to Show Cause if such party does not seek review thereof, or object thereto.